4-5968                                    140 S. W. 2d 996

Opinion delivered May 20, 1940.

*Virgil D. Willis* and *Harvey G. Combs,* for appellant.
*M. A. Hathcoat* and *Shouse & Shouse,* for appellee.

HUMPHREYS, J.   A. C. Chapman and Frances Chapman owned lands in Arkansas and Missouri, and on the 4th day of June, 1927, they sold appellants 148.48 acres more or less in Boone county, Arkansas, described as the north half of the northeast fractional quarter, the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of section 8, township 21 north, range 21 west and conveyed same to appellants. The north line of the tract sold and conveyed was intended to be co-terminus with the dividing line between the states of Arkansas and Missouri.

On February 24, 1931, A. C. Chapman and Frances Chapman sold and conveyed an acre of land to appellees immediately north of the land they had theretofore conveyed to appellants. The south line of the land conveyed to appellees was intended to be co-terminus with the dividing line between Arkansas and Missouri.

On the 9th day of January, 1939, appellants brought an ejectment suit in the Boone circuit court against appellees herein alleging in substance that appellees in taking possession of their acre of land encroached upon a small strip of the land in Boone county, Arkansas,

which they had bought from A. C. Chapman and Frances Chapman and were wrongfully withholding possession of same after demand was made therefor and prayed for damages on account of the encroachment in the sum of $150.

After being served with summons appellees filed an answer denying that they had encroached on the lands conveyed by the Chapmans to appellants in Boone county, Arkansas, and alleged that when they bought the acre of land the Chapmans pointed the boundaries of the acre out to them and measuring same by beginning at a rail fence which was supposed to be on the dividing line between Arkansas and Missouri, and that they had taken possession of and held the acre of land to the fence line for more than seven years and had made improvements thereon of considerable value and that appellants had stood by and permitted them to possess and improve the acre of land without objection and that they were estopped from claiming any part of the acre of land north of the fence and asserting title to any part thereof. They moved to transfer the cause to the chancery court, and by agreement of the attorneys same was transferred to said chancery court.

On the 26th day of October, 1939, the cause was submitted to the court on the complaint of appellants, the answer of appellees and testimony taken *ore tenus* at the bar of the court. At the conclusion of the testimony the court took the matter under advisement and on the 4th day of December, 1939, found against appellants and dismissed their complaint for want of equity from which appellants prayed and perfected an appeal to this court.

The record of the evidence introduced at the trial of the cause is quite voluminous and was directed largely to the question of where the dividing line between Arkansas and Missouri is. That introduced by appellants tended to show that the fence on the south side of the acre tract was a few feet south of the dividing line between Arkansas and Missouri, and that introduced by appellees tended to show that the south dividing fence of the acre tract was on the boundary line between Arkansas and Missouri. We have carefully read the testimony and

have concluded that the Chapmans did not intend to convey any land to appellants in Missouri and did not intend to convey any lands to appellees in Arkansas, and we have also concluded that a decided weight of the testimony reflects that the fence, although rebuilt several times, on the south side of appellee's acre tract is at practically the same place where it was when appellees bought the acre tract. In other words, we have concluded that according to a decided weight of the evidence appellees have not encroached on appellants' lands located in Boone county, Arkansas.

Certainly it cannot be said that the finding of the trial court to this effect is contrary to a preponderance of the evidence. We think that the weight of the evidence supports the finding of the court.

No error appearing, the judgment is affirmed.